IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

_____

| | |
|---|---|
| **JOCOR ENTERPRISES, LLC,** ) | |
| ) | |
|     **Plaintiff,** ) | |
| ) | **Civil Action No.** _____ |
| **v.** ) | |
| ) | |
| **VOLCANO VAPOR, INC.,** ) | |
| ) | |
|     **Defendant.** ) | |

_____

# COMPLAINT
_____

Plaintiff Jocor Enterprises, LLC, by and through its undersigned attorneys and for its Complaint against Defendant Volcano Vapor, Inc., hereby alleges as follows:

## I.    NATURE OF THE ACTION

1. This is a civil action for trademark infringement arising under Section 32 of the Trademark Act of 1946 (the "Lanham Act"), as amended, 15 U.S.C. § 1114, and for unfair competition, false designation of origin, false description, false advertising, and dilution arising under Section 43 of the Lanham Act, as amended, 15 U.S.C. § 1125.

## II.    THE PARTIES

2. Plaintiff Jocor Enterprises, LLC ("Jocor") is a Hawaii limited liability company with its principal place of business located at 1003 Bishop Street, Suite 1260, Honolulu, Hawaii 96813.

3. Upon information and belief, Defendant Volcano Vapor, Inc. ("Defendant"), is a Tennessee corporation with its principal place of business at 237 Country Meadows Circle,

Bristol, Tennessee 37620, and can be served via its registered agent, Michael J. Grizzel, at the same address. Defendant has advised through its counsel that its counsel will accept service of process on behalf of Defendant.

### III. JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121, as it involves federal trademark law under the Lanham Act; pursuant to 28 U.S.C. § 1338(a), as it is a civil action arising under an Act of Congress relating to trademarks; pursuant to 28 U.S.C. § 1338(b) as it involves unfair competition related to a claim under trademark laws; pursuant to 28 U.S.C. § 1331 as it involves a federal question; pursuant to 28 U.S.C. § 1332 as the action is between citizens of a State and citizens or subjects of a foreign state, and the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00; and pursuant to 28 U.S.C. § 1367(a) for the claims that arise under Tennessee and Virginia law because they are substantially related to the claims that arise under the laws of the United States. Furthermore, this Court has pendent jurisdiction because both the state and federal claims are derived from a common nucleus of operative facts and considerations of judicial economy dictate the state and federal issues be consolidated for a single trial.

5. This court has personal jurisdiction over Defendant because Defendant has conducted and is conducting business in the State of Tennessee and purposefully has availed itself of the benefits and laws of the State of Tennessee by operating a business and selling products throughout the State of Tennessee and in this District.

6. Venue is properly found in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## IV. THE CONTROVERSY

7. Since 2009, Jocor has been engaged in the sale of electronic cigarettes, including the component parts for the electronic cigarettes, electronic cigarette starter kits, and refill liquids for electronic cigarettes, through its website located at www.volcanoecigs.com and otherwise.

8. Jocor has been selling and continues to sell its electronic cigarettes and component parts under the trademark VOLCANO, alone and in combination with certain designs.

9. Jocor is the owner of common law trademark rights for its VOLCANO trademarks for electronic cigarettes and component parts.

10. In addition to Jocor's common law trademark rights, on October 8, 2013, Jocor obtained from the United States Patent and Trademark Office a federal trademark registration for its VOLCANO trademark, U.S. Registration No. 4,413,330, for use on electronic cigarettes, component parts for electronic cigarettes, namely, atomizers, cartomizers, cartridges, drip tips and refill cartridges for electronic cigarettes; empty refill cartridges being component parts of electronic cigarettes and carrying cases specifically for electronic cigarettes; electronic cigarettes starter kits comprising electronic cigarette batteries, portable charging cases specially adapted for use with electronic cigarettes, wall charging adapters, USB cables for charging the portable charging cases, USB battery chargers for charging electronic cigarette batteries, and cartomizers pre filled with electronic cigarette liquid, portable charging cases specially adapted for use with electronic cigarettes, namely, battery chargers for electronic cigarettes sold with cases; cases for battery chargers for electronic cigarettes. Attached as **Exhibit A** is a true and correct copy of Jocor's federal trademark registration for its VOLCANO trademark, U.S. Registration No. 4,413,330.

11.    Jocor is also the owner of a federal trademark registration for the design mark VOLCANO in the United States used in connection with electronic cigarettes, U.S. Registrations No. 3,817,667.  Attached as **Exhibit B** is a true and correct copy of Jocor's federal trademark registration for its VOLCANO design trademark, U.S. Registration No. 3,817,667.  Jocor's federal and common law VOLCANO trademarks are hereinafter collectively referred to as "Jocor's VOLCANO Trademarks."

12.    Jocor has been using the VOLCANO Trademarks in a prominent and distinctive manner in interstate commerce so as to distinguish the source of its products from those of others, has spent significant effort and sums of money in advertising and otherwise promoting the sale of its goods under Jocor's VOLCANO Trademarks throughout the United States, and has sold thousands of electronic cigarette products under Jocor's VOLCANO Trademarks.

13.    As a result of Jocor's long and exclusive use of its VOLCANO Trademarks, the large number of sales under the VOLCANO Trademarks, and the large amount of money spent for advertising and promotion of the services and products sold under the VOLCANO Trademarks, the VOLCANO Trademarks have become, through widespread and favorable public acceptance and recognition, exclusive assets of substantial value as symbols of Jocor, its quality of services and products, and its good will.

14.    Due to Jocor's use and promotion, the trade and purchasing public has come to know and recognize Jocor's VOLCANO Trademarks as a designation identifying Jocor as the source of certain electronic cigarette products.  Accordingly, Jocor's VOLCANO Trademarks have developed and represent valuable goodwill which rightfully belongs exclusively to Jocor.

15.    Jocor and Defendant are competitors in the electronic cigarette product market in the United States, as Defendant also sells electronic cigarette products in the United States.

16. Long after Jocor first started using the VOLCANO Trademarks, Defendant began using the name VOLCANO in connection with the advertisement and sale of electronic cigarette products on or about late 2013. Attached as collective **Exhibit C** are true and correct screenshots from Defendant's website, located at www.volcanovapor.org, and Defendant's Facebook page, displaying Defendant's advertisement and offers to sell electronic cigarette products under the name VOLCANO VAPOR, under the company name Volcano Vapor, Inc., and through its website. Also, attached as **Exhibit D** is a true and correct copy of the WhoIs.Net page for Defendant's website, www.volcanovapor.org, showing that the website was created on or about late 2013, well after Jocor's first use of its VOLCANO Trademarks, and a true and correct copy of the Tennessee Secretary of State's Filing Information, showing that Defendant did not incorporate the company Volcano Vapor, Inc., until March 2014, well after Jocor's first use of its VOLCANO Trademarks.

17. Upon information and belief, Defendant has been and continues to advertise and promote its electronic cigarette products under the VOLCANO VAPOR mark throughout the United States.

18. Defendant's VOLCANO VAPOR mark is confusingly similar to Jocor's well-known VOLCANO Trademarks in sound, appearance and meaning. Indeed, the only difference between the parties' marks is the inclusion of the word "VAPOR" after "VOLCANO." Otherwise, the parties' marks are identical.

19. The VOLCANO VAPOR mark is being used in connection with electronic cigarette products that travel in and are promoted through the same channels of trade for sale to, and use by, the same class of purchasers for Jocor's electronic cigarette products advertised and sold under Jocor's VOLCANO Trademarks.

20. Defendant's uses of the VOLCANO name, and variants thereof, is likely to cause consumer confusion as to the source of Defendant's electronic cigarette products or to cause consumers to be mistaken or deceived as to the origin, affiliation, connection, or association of Defendant with Jocor, or as to the sponsorship or approval of Defendant's goods, services or commercial activity by Jocor.

21. Defendant knew or should have known of Jocor's prior use of its VOLCANO Trademarks in the electronic cigarette industry before it entered the electronic cigarette products market.

22. Further, Jocor has twice contacted Defendant in regard to its infringing VOLCANO VAPOR mark prior to filing this Complaint, having sent certified letters to Defendant on June 5, 2014 and again on July 2, 2014. Attached hereto as collective **Exhibit E** are true and correct copies of the two letters with enclosures.

## V. CAUSES OF ACTION

### COUNT I

**INFRINGEMENT OF A FEDERALLY REGISTERED TRADEMARK**

23. Jocor hereby incorporate and re-alleges Paragraphs 1 through 22 as if fully set forth herein.

24. Defendant has infringed Jocor's federally registered VOLCANO Trademarks in interstate commerce by various acts, including, without limitation, offering for sale, promoting, and advertising the sale of electronic cigarette products utilizing the trademark VOLCANO VAPOR.

6

25. Defendant's uses of the VOLCANO VAPOR mark for electronic cigarette products is without Jocor's permission or authority and is likely to cause confusion, to cause mistake, and/or to deceive the purchasing public.

26. Defendant's uses of the VOLCANO VAPOR mark has been made notwithstanding Jocor's well-known and prior established rights in its VOLCANO Trademarks with constructive and actual notice of Jocor's federal registration rights under 15 U.S.C. § 1072.

27. Defendant's conduct constitutes infringement of Jocor's federally registered VOLCANO Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114.

28. Defendant's infringing activities have caused and, unless enjoined by this Court, will continue to cause irreparable injury and other damage to Jocor's business, reputation, and good will in its federally-registered VOLCANO Trademarks, for which Jocor has no adequate remedy at law.

## COUNT II

### UNFAIR COMPETITION

29. Jocor hereby incorporates and re-alleges Paragraphs 1 through 28 as if fully set forth herein.

30. Defendant's unauthorized uses in commerce of the VOLCANO VAPOR mark, which is confusingly similar to Jocor's VOLCANO Trademarks, falsely designates the origin or association of Defendant's products with Jocor. Such use will inevitably cause consumer confusion or mistake and will deceive the consuming public into believing that there exists an affiliation, connection or association between Defendant and Jocor as to the origin, sponsorship, or approval of Defendant's products. Such conduct constitutes false designation of origin in violation of Section 43(a) of the Trademark Act of 1946, as amended, 15 U.S.C. § 1125.

31. Defendant's wrongful activities have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage to Jocor's business, reputation and good will in Jocor's VOLCANO Trademarks, for which Jocor has no adequate remedy at law.

## COUNT III

### VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT

32. Jocor hereby incorporates and re-alleges Paragraphs 1 through 31 as if fully set forth herein.

33. This count arises under the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101, *et seq*.

34. Defendant's adoption and use in Tennessee of the name VOLCANO VAPOR in connection with electronic cigarette products, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, is likely to cause consumer confusion or mistake as to the affiliation, connection or association of Defendant's products and services with Jocor and is likely to cause consumers to falsely believe that Defendant's products and services originated with, are sponsored by, or are approved by Jocor.

35. By adopting and using in connection with electronic cigarette products the mark VOLCANO VAPOR, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, Defendant is falsely passing off its products and services as those of Jocor and unfairly trading on the good will and reputation of Jocor.

36. Defendant's acts constitute unfair or deceptive practices in violation of the Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-104.

37. Defendant's use of unfair and deceptive practices is willful and knowing, thus entitling Jocor to treble damages pursuant to Tenn. Code Ann. § 47-18-109.

38. Defendant's actions have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage, for which Jocor has no adequate remedy at law.

## COUNT IV

### TENNESSEE COMMON LAW TRADEMARK INFRINGEMENT

39. Jocor hereby incorporates and re-alleges Paragraphs 1 through 38 as if fully set forth herein.

40. This count arises under the Tennessee common law of trademark infringement.

41. Jocor is the owner of the common law rights in the VOLCANO Trademarks, which are well known, distinctive and recognized as denoting high-quality services and products to the purchasing public throughout Tennessee and the United States. Due to such reputation and public awareness, Jocor has established valuable good will in connection with its common law VOLCANO Trademarks.

42. Defendant's adoption and use of the mark VOLCANO VAPOR in connection with electronic cigarette products, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, each of which is confusingly similar to Jocor's common law VOLCANO Trademarks, is likely to cause confusion or mistake and has and will deceive the public into associating Defendant's services and products with Jocor.

43. These acts constitute common law trademark infringement and are causing damage and irreparable injury to Jocor for which Jocor has no adequate remedy at law.

## COUNT V

### TENNESSEE COMMON LAW UNFAIR COMPETITION

44. Jocor hereby incorporates and re-alleges Paragraphs 1 through 43 as if fully set forth herein.

45. This count arises under the Tennessee common law of unfair competition.

46. The adoption and use by Defendant in Tennessee of the mark VOLCANO VAPOR in connection with electronic cigarette products, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, constitutes unlawful appropriation of Jocor's exclusive rights in and to its VOLCANO Trademarks, and such unauthorized use has caused and is causing damage and irreparable injury to Jocor.

47. The foregoing acts by Defendant constitute unfair competition and infringement of Jocor's common law rights for which Jocor has no adequate remedy at law.

## COUNT VI

## VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT

48. Jocor hereby incorporates and re-alleges Paragraphs 1 through 31 as if fully set forth herein.

49. This count arises under the Virginia Consumer Protection Act of 1977, Va. Code Ann. § 59.1–196, *et seq*.

50. Defendant's adoption and use in Virginia of the name VOLCANO VAPOR in connection with electronic cigarette products, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, is likely to cause consumer confusion or mistake as to the affiliation, connection or association of Defendant's products and services with Jocor and is likely to cause consumers to falsely believe that Defendant's products and services originated with or are sponsored by or are approved by Jocor.

51. By adopting and using in connection with electronic cigarette products the mark VOLCANO VAPOR, the company name Volcano Vapor, Inc., and the domain name

www.volcanovapor.org, Defendant is falsely passing off its products and services as those of Jocor and unfairly trading on the good will and reputation of Jocor.

52. Defendant's acts constitute unfair or deceptive practices in violation of the Virginia Consumer Protection Act, Va. Code Ann. § 59.1–200.

53. Defendant's use of unfair and deceptive practices is willful and knowing, thus entitling Jocor to treble damages pursuant to Va. Code Ann. § 59.1–204.

54. Defendant's actions have caused, and unless enjoined by this Court, will continue to cause irreparable injury and other damage, for which Jocor has no adequate remedy at law.

## COUNT VII

## VIRGINIA COMMON LAW TRADEMARK INFRINGEMENT

55. Jocor hereby incorporates and re-alleges Paragraphs 1 through 31 and 48-54 as if fully set forth herein.

56. This count arises under the Virginia common law of trademark infringement.

57. Jocor is the owner of the common law rights in the VOLCANO Trademarks, which are well known, distinctive and recognized as denoting high-quality services and products to the purchasing public throughout Virginia and the United States. Due to such reputation and public awareness, Jocor has established valuable good will in connection with its common law VOLCANO Trademarks.

58. Defendant's adoption and use of the mark VOLCANO VAPOR in connection with electronic cigarette products, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, each of which is confusingly similar to Jocor's common law VOLCANO Trademarks, is likely to cause confusion or mistake and has and will deceive the public into associating Defendant's services and products with Jocor.

59. These acts constitute common law trademark infringement and are causing damage and irreparable injury to Jocor for which Jocor has no adequate remedy at law.

## COUNT VIII

### VIRGINIA COMMON LAW UNFAIR COMPETITION

60. Jocor hereby incorporates and re-alleges Paragraphs 1 through 31 and 48-59 as if fully set forth herein.

61. This count arises under the Virginia common law of unfair competition.

62. The adoption and use by Defendant in Virginia of the mark VOLCANO VAPOR in connection with electronic cigarette products, the company name Volcano Vapor, Inc., and the domain name www.volcanovapor.org, constitutes unlawful appropriation of Jocor's exclusive rights in and to its VOLCANO Trademarks, and such unauthorized use has caused and is causing damage and irreparable injury to Jocor.

63. The foregoing acts by Defendant constitute unfair competition and infringement of Jocor's common law rights for which Jocor has no adequate remedy at law.

### PRAYER FOR RELIEF

WHEREFORE, Jocor requests a judgment as follows:

1. That Defendant, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation with Defendant be preliminary and permanently enjoined and restrained:

    a. from using the VOLCANO VAPOR mark or design, or any other designations or trademarks likely to cause confusion with Jocor's VOLCANO Trademarks for electronic cigarette products;

b. from otherwise infringing upon Jocor's rights in and to Jocor's VOLCANO Trademarks and from otherwise unfairly competing with Jocor in any manner whatsoever;

c. from producing, advertising, promoting, offering for sale and selling electronic cigarette products or services with the VOLCANO VAPOR mark or design or any other designation likely to cause confusion with Jocor's VOLCANO Trademarks.

2. That Defendant be ordered to deliver up for destruction its documents, signs, forms, advertisements, business cards, labels, letterheads and other representations and means for reproducing the same or any printed material bearing the VOLCANO VAPOR mark or design or any designation or mark likely to cause confusion with Jocor's VOLCANO Trademarks being used in connection electronic cigarette products or services, and to obliterate, destroy or remove all other uses or marks likely to cause confusion with Jocor's VOLCANO Trademarks.

3. That Defendant be ordered to transfer and/or assign to Jocor all rights, title, and interests to Defendant's domain name, www.volcanovapor.org, and to cease all use of the domain name.

4. That Defendant be directed to file with the Court and serve on Jocor, no later than thirty (30) days after the issuance of an injunction, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction.

5. That the Court adjudge and decree that Defendant's use of the infringing mark is in violation of 15 U.S.C. § 1114, serves to designate falsely the origin of Defendant's products and constitutes unfair competition in violation of 15 U.S.C. § 1125, and constitutes trademark infringement and unfair competition under Tennessee and Virginia statutes and common law.

13

Case 2:14-cv-00315-RLJ   Document 1   Filed 10/21/14   Page 13 of 16   PageID #: 13

6. That the Court adjudge and decree that any use by Defendant of its infringing mark in conjunction with electronic cigarette products or services, will inevitably cause confusion or mistake or deceive the consuming public into believing that there exists an affiliation, connection or association between Defendant and Jocor as to the origin, sponsorship, or approval of Defendant's products and would constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act of 1946, as amended, 15 U.S.C. § 1125, and Tennessee and Virginia statutes and common law.

7. That the Court adjudge and decree that a likelihood of confusion exists between Jocor's VOLCANO Trademarks and Defendant's infringing products being offered under the VOLCANO VAPOR mark.

8. That the Court require a full and complete accounting of all monies received by Defendant as a result of the wrongful offering for sale or sale of electronic cigarette products or services under the VOLCANO VAPOR mark, together with an order transferring to Jocor any amounts found to be due to Defendant.

9. That Jocor be awarded Defendant's profits or Jocor's damages from lost sales after an accounting, and that such award be increased as permitted, including being trebled as provided under 15 U.S.C. § 1117, Tenn. Code Ann. § 47-18-109, and Va. Code Ann. § 59.1–204.

10. That the Court find that this is an exceptional case entitling Jocor to recover its attorney's fees and costs from Defendant, as provided by 15 U.S.C. § 1117, Tenn. Code Ann. § 47-18-109, and Va. Code Ann. § 59.1–204.

11. That the Court award interest on all monies found to be due to Jocor from Defendant at the legal rate from the date said amounts or any part thereof became or become due.

12. That the Court require Defendant to notify its commercial licensees, dealers, associates, suppliers and customers of said Court Order.

13. That Jocor be awarded such other and further relief as this Court may deem just and proper.

Dated this 21st day of October, 2014.

Respectfully submitted,

s/Gary L. Edwards
Gary L. Edwards (TN Bar No. 20058)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
100 Med Tech Parkway, Suite 200
P.O. Box 3038
Johnson City, TN 37602
Telephone: (423) 928-018
Fax: (423) 979-7634
gedwards@bakerdonelson.com

Grady M. Garrison (TN Bar. No. 8097)
    (*pro hac vice to be filed*)
Nicholas L. Vescovo (TN Bar No. 30387)
    (*pro hac vice to be filed*)
BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.
Telephone: (901) 577-2102
Fax: (901) 577-0838
165 Madison Avenue
2000 First Tennessee Building
Memphis, Tennessee 38103

*Attorneys for Jocor Enterprises, LLC*

## CERTIFICATE OF SERVICE

   I hereby certify that on October 21, 2014, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

  Ben Adams, Esq.
  Attorney at Law
  1699 Blountville Blvd.
  Blountville, Tennessee 37617
  Benadams@benadamslaw.com
  *Counsel for Defendant*

       s/Gary L. Edwards
      Gary L. Edwards, Esq.